UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
RANDALL LEWIS,

                            Plaintiff,

      -against-

ROBERT FRANK,

                            Defendant.
-------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 27 2012
BROOKLYN OFFICE

**ORDER TO SHOW CAUSE**

11-CV-4916 (ENV) (LB)

**VITALIANO, D.J.**

    Plaintiff filed a pro se complaint on October 6, 2011 alleging a wide variety of claims including, e.g., claims under 42 U.S.C. § 1983 and state claims of false arrest, malicious prosecution, and intentional infliction of emotional distress. Regardless of how plaintiff frames his claims, however, each claim is premised on plaintiff being issued a summons for an open container violation despite, so plaintiff alleges, a lack of probable cause indicating plaintiff had committed such a violation. On July 6, 2012, defendant filed a request to approve a proposed briefing schedule for a motion to dismiss. With that request, defendant submitted a Certificate of Disposition from Kings County Criminal Court indicating that defendant pled guilty to the charged open container violation. The Court can take judicial notice of such documents. See United States v. Alexander, 123 Fed. App'x 444, 445 (2d Cir. 2005).

    The plea is proof of a valid conviction barring plaintiff from seeking damages under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) ("[I]n order to recover damages for allegedly unconstitutional . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

1

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). Further, the plea establishes the existence of probable cause to believe plaintiff had committed an open container violation, see Hope v. City of New York, CV-08-5022 (BMC), 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest"), and would thus provide a complete defense to each of plaintiff's claims, federal and state. Accordingly, plaintiff is ordered to show cause by August 6, 2012 why the Court should not dismiss this action with prejudice based on plaintiff's guilty plea. Defendant's request for approval of a briefing schedule for a motion to dismiss, on essentially the grounds outlined in this Order to Show Cause, is denied without prejudice.

SO ORDERED.
Brooklyn, New York
July 23, 2012

ERIC N. VITALIANO
United States District Judge